**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GARY ANTHONY**<br>**6825 CHESTNUT HILL ROAD**<br>**COOPERSBURG, PA 18036**<br><br>***PLAINTIFF,***<br><br>**v.**<br><br>**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE 1**<br>**251 JANSEN AVENUE**<br>**ESSINGTON, PA 19029**<br><br>**AND**<br><br>**I.A.M. NATIONAL PENSION FUND,**<br>**1300 CONNECTICUT AVE, N.W., SUITE 300**<br>**WASHINGTON, D.C. 20036**<br><br>***DEFENDANTS.*** | ) | **CIVIL ACTION NO.**<br><br>**JURY DEMANDED** |

**COMPLAINT**

Plaintiff Gary Anthony ("Plaintiff" or "Anthony"), by and through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, files this Complaint against his former employer, District Lodge 1 of the International Association of Machinists and Aerospace Workers ("District Lodge 1" or "Employer") and the I.A.M. National Pension Fund ("IAM National Pension Fund" or "the Plan"). This is an action for pension benefits to which the Plaintiff is entitled under the IAM National Pension Fund. As the Plaintiff alleges more fully below, contrary to the terms of the IAM National Pension Fund and the Participation Agreements executed by District Lodge 1, defendants District Lodge 1 and the IAM National Pension Fund have failed and refused to properly include the Plaintiff as a participant under the

IAM National Pension Fund or to otherwise acknowledge Plaintiff's long periods of service that entitle him to substantial benefits under the Plan. The Defendants' refusal to acknowledge Plaintiff Anthony's right to pension benefits under the IAM National Pension Fund violate both the terms of the Plan and the Defendants' fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The refusal of District Lodge 1 and the IAM National Pension Fund to honor the terms of the Plan requiring the Plaintiff's full participation in the Plan has prompted this action.

## INTRODUCTION

1. Plaintiff Anthony brings this action for declaratory and injunctive relief and damages arising from the Defendants' refusal to include the Plaintiff as a participant under the IAM National Pension Fund and to otherwise honor their obligations to the Plaintiff under the Plan. Under the terms of the IAM National Pension Fund, individuals like the Plaintiff earn benefits if they are engaged in "covered employment" as specified by the terms of the Plan. Although the Plaintiff was continuously engaged in "covered employment" from 2004 through the end of 2011, both Defendants have failed and refused to honor the terms of the IAM National Pension Fund by declaring the Plaintiff ineligible for benefits under the Plan.

## THE PARTIES

2. Plaintiff Gary Anthony is a citizen and resident of Coopersburg, Pennsylvania. Plaintiff Anthony commenced full time employment as an Organizer for District Lodge 1 in Somers Point, New Jersey, on or around May 2004, and remained in that position continuously until January of 2012 when he became a Grand Lodge Representative, a position that he continues to hold.

3. Defendant District Lodge 1 is a union affiliated with the International Association of Machinists and Aerospace Workers (IAM). District Lodge 1 was established in 1970, represents approximately 3,000 IAM members, and currently operates out of Essington, Pennsylvania. In addition to representing IAM members, District Lodge 1 also has its own employees, including Plaintiff during relevant times, and is a Contributing Employer within the meaning of the defendant IAM National Pension Fund.

4. Defendant International Association of Machinists and Aerospace Workers National Pension Fund ("IAM National Pension Fund") is a multi-employer defined benefit pension plan. The IAM National Pension Fund is the fifth largest multi-employer pension fund in the United States, has in excess of $10 billion in assets, and approximately 1,650 contributing employer locations. The IAM National Pension Fund pays benefits to approximately 90,000 retirees and beneficiaries, and has approximately 100,000 active participants. The IAM National Pension Fund is headquartered in Washington, D.C. The right to pension benefits from the IAM National Pension Fund is governed by the terms of the Plan document adopted by the Trustees, who determine benefit eligibility, status as a participant or covered employee, and the level of benefits.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132(e), because the claims in Counts I and II involve the application of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

6. Venue properly lies within this judicial district pursuant to 29 U.S.C. §1132(e)(2) because the defendant IAM National Pension Fund is administered in this district.

## FACTUAL BACKGROUND

7. Paragraph 1.9 of the IAM National Pension Fund defines the term "Covered Employment" to include, among other things, "employment in a job classification for which employer contributions are required to this Plan by a written agreement between the Trustees and a Contributing Lodge or I.A.M. Welfare Fund."

8. At all times relevant to the employment of Plaintiff Anthony by Defendant District Lodge 1, District Lodge 1 has been a "Contributing Employer" within the meaning of the IAM National Pension Fund.

9. As a Contributing Employer under the IAM National Pension Fund, District Lodge 1 and the Trustees of the IAM National Pension Fund executed a series of written Participation Agreements governing the terms of District Lodge 1's participation in the Plan as a contributing employer. The terms of these Participation Agreements, which were continuously in effect throughout the Plaintiff's employment with District Lodge 1 from 2004 through 2011, obligated District Lodge 1 and the IAM National Pension Fund "to provide coverage under the National Pension Plan for all its [District Lodge 1] employees," except those employees in a bargaining unit which has negotiated a collective bargaining agreement. In connection with its obligation to provide "coverage" under the IAM National Pension Fund to "all its employees," including Plaintiff Anthony, District Lodge 1 was obligated under the terms of the Participation Agreements to make contributions for each of its employees including, but not limited to, Plaintiff Anthony.

10. Due to his employment as an Organizer by District Lodge 1 from 2004 through 2011, and because of the Participation Agreements in effect between District Lodge 1 and the IAM National Pension Fund during that same period of time, Plaintiff Anthony was engaged in

"Covered Employment" under the terms of the Plan. By virtue of his "Covered Employment," Plaintiff Anthony was at all times a "Covered Employee" under the Plan on whose behalf District Lodge 1 was obligated to make contributions specified under the terms of the Participation Agreements continuously in effect.

11. On June 24, 2016, Ryk Tierney, the Executive Director of the IAM National Pension Fund, wrote:

> While District 1 has only been paying on certain employees over the years, including past contributions for a secretarial position and the Secretary-Treasurer, the Participation Agreements (PA) that the District has executed with the IAM National Pension Fund over the years, including the most recent version, call for *"coverage for **all** its employees, except for those employees in a bargaining unit which has negotiated a Collective Bargaining Agreement"*. The PA goes on to say that the Lodge shall *"contribute … for … **all** employees in **all** job classifications covered by this agreement are entitled to receive pay …"*.
>
> Since the PA's signed by the Lodge do not define any specific job classifications nor eliminate any jobs from coverage, other than employees covered by a CBA, and as we understand it Organizers are employees of the District, the expectation of the Fund is that contributions for Mr. Anthony, and quite possibly other employees, of the District should have been made to the IAM National Pension Fund.
>
> I reviewed this information with our staff and new in-house General Counsel and based on the information in hand we agree that contributions should have been made to the Fund, regardless of any information contained in the District's meeting minutes, as they do not constitute an agreement between the employer and the Fund. The language in the PA sets the expectation.

12. Plaintiff Anthony exhausted all internal Plan remedies to seek participant status and be eligible for the payment of pension benefits under the IAM National Pension Fund, including an appeal to the Plan's appeals committee. Notwithstanding the terms of the IAM National Pension Fund, and the Participation Agreements in effect during Plaintiff Anthony's employment with District Lodge 1 from 2004 through 2011, the appeals committee determined that Plaintiff Anthony is not eligible to participate in the IAM National Pension Fund.

**COUNT I**
**ERISA: Violation of the Terms of the Plan**

13. Plaintiff Anthony hereby repeats and realleges all of the allegations of the preceding paragraphs one through twelve, as if fully set forth herein.

14. The IAM National Pension Fund is an employee benefit plan governed and regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA").

15. The actions of Defendants District Lodge 1 and the IAM National Pension Fund alleged herein in denying eligibility and benefits to Plaintiff Anthony are contrary to the documents and instruments governing the Plan, in breach of their fiduciary obligations, and arbitrary and capricious. As a result of the Defendants' conduct, Plaintiff Anthony has suffered monetary and other damages.

16. This Count is brought pursuant to 29 U.S.C. §§1132 (a)(1)(B) and (a)(3) and seeks to recover wages and benefits, injunctive relief and attorneys' fees as may be recoverable under ERISA and as provided by 29 U.S.C. §1132 (g).

**COUNT II**
**ERISA: Breach of Fiduciary Duty**

17. The Plaintiff hereby repeats and realleges all of the allegations of the preceding paragraphs one through sixteen, as if fully set forth herein.

18. As a Contributing Employer under the terms of the IAM National Pension Fund, defendant District Lodge 1 owed a fiduciary duty to Plaintiff Anthony under ERISA to observe and follow the governing terms both of the Plan as well as the Participation Agreements by which District Lodge 1 was bound.

19. Similarly, under the terms of the Plan and the applicable Participation Agreements, defendant IAM National Pension Fund owed a fiduciary duty to Plaintiff Anthony to observe and follow the governing terms both of the Plan as well as the participation agreements by which the Plaintiff's employer, District Lodge 1, became and remained a contributing employer under the Plan.

20. The failure and refusal of both District Lodge 1 and the IAM National Pension Fund to act in accordance with the documents and instruments governing the Plan violated their fiduciary duties under ERISA, 29 U.S.C. § 1104(a)(1)(D). As a result of Defendants' conduct, Plaintiff Anthony has suffered monetary and other damages.

21. This Count is brought pursuant to 29 U.S.C. §§ 1104(a)(1)(D), 1132 (a)(1)(B) and 1132 (a)(3) and seeks to recover benefits, declaratory and injunctive relief and attorneys' fees as may be recoverable under ERISA as provided by 29 U.S.C. §1132 (g).

## PRAYER FOR RELIEF

Plaintiff Anthony requests the following relief:

A. Declaratory Relief that:

1. Defendants District Lodge 1 and the IAM National Pension Fund have violated ERISA by their refusal and failure to follow the terms of the Plan;
2. Defendants District Lodge 1 and the IAM National Pension Fund have violated ERISA by breaching their fiduciary duties by their refusal and failure to operate the Plan in accordance with the documents and instruments governing the Plan; and

3. As a result of his employment as an Organizer for District Lodge 1 from 2004 through 2011, Plaintiff Anthony is eligible to participate in the Plan and entitled to a benefit under the Plan to be determined in accordance with the terms of the plan governing those years of service.

B. Injunctive Relief that requires that Defendants District Lodge 1 and the IAM National Pension Fund comply with the terms of the Plan and their fiduciary obligations by reversing the decisions denying Plan eligibility and benefits to Plaintiff Anthony, and by proceeding to provide to the Plaintiff all the benefits to which he is entitled under the Plan upon the Plaintiffs' execution of the required documents.

C. Monetary relief including:

1. The payment of all benefits due under the terms of the Plan, at such time as Plaintiff Anthony chooses under the terms of the Plan; and

2. Attorneys' fees and costs.

3. Such other monetary and equitable relief that the Court may find just and reasonable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: June 26, 2017

GARY ANTHONY

By: /s/ Raymond C. Fay
Raymond C. Fay D.C. Bar 188649
Fay Law Group PLLC
1250 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036
(202) 263-4604 (Phone)
(202) 261-3508
rfay@faylawdc.com

/s/ Christopher G. Mackaronis
Christopher G. Mackaronis
D.C. Bar No. 254045
Stone Mattheis Xenopoulos & Brew, P.C.
1025 Thomas Jefferson Street, NW
Eighth Floor — West Tower
Washington, DC 20007
(202) 342-0800 (Phone)
(202) 342-0807 (Facsimile)
chris.mackaronis@smxblaw.com

*Attorneys For Plaintiff*