# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GARY ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1249 (ABJ) |
| | ) | |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT LODGE 1, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Gary Anthony brought this action against defendants District Lodge 1, a union affiliated with the International Association of Machinists and Aerospace Workers ("IAM"), and the International Association of Machinists and Aerospace Workers National Pension Fund ("IAM National Pension Fund" or the "Plan"). Compl. [Dkt. # 1]. He alleges that defendants violated the terms of the Plan and breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, when they failed to include him as a participant under the Plan and denied him benefits. *Id.*

In Count I, plaintiff alleges that defendants violated the terms of the Plan by denying him eligibility as directed by the "documents and instruments governing the Plan." Compl. ¶¶ 13–16. In Count II, plaintiff alleges that defendants owed him a fiduciary duty under ERISA to "observe and follow the governing terms" of the Plan, and that they breached those duties. *Id.* ¶¶ 17–21.

District Lodge 1 has moved to dismiss both counts pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that plaintiff has failed to allege sufficient facts to establish that

District Lodge 1 is a fiduciary as defined under the statute, *see* Def.'s Mot. to Dismiss & Supporting Mem. of Law [Dkt. # 11] ("Def.'s Mot."), and the Court agrees.

But because fiduciary status is only a required element under Count II, the Court will only grant defendant's motion to dismiss as to Count II and it will deny the motion as to Count I. Therefore, plaintiff's ERISA claim for violation of the terms of the Plan will go forward.

## BACKGROUND

Defendant District Lodge 1 is a union affiliated with the International Association of Machinists and Aerospace Workers. Compl. ¶ 3. According to the complaint, plaintiff was employed as an "Organizer" by District Lodge 1 from May 2004 until January 2012, when he became a "Grand Lodge Representative," a position he continues to hold. *Id.* ¶ 2. IAM National Pension Fund is a multi-employer defined benefit pension plan, and District Lodge 1 is a "Contributing Employer" to the fund. *Id.* ¶¶ 3–4, 8.

District Lodge 1 and the trustees of the IAM National Pension Fund executed a series of written Participation Agreements, which governed the union's participation in the Plan. Compl. ¶ 9. Plaintiff alleges that the agreements "obligated" defendants to provide coverage and make contributions for all District Lodge 1 employees, including plaintiff. *Id.*

Plaintiff sought participant status under the Plan in order to gain eligibility for the payment of pension benefits, but he was unsuccessful. *See* Compl. ¶ 12. He exhausted "all internal Plan remedies," including the appeals process, during which the Plan's appeals committee determined that plaintiff was not eligible to participate in the IAM National Pension Fund. *Id.*; *see also* Ex. A to Pl.'s Opp. to Def.'s Mot. [Dkt. # 14-1] ("Denial Letter").

On June 26, 2017, plaintiff filed this action, Compl., and on August 24, 2017, defendant IAM National Pension Fund filed an Answer. Answer [Dkt. # 10]. On the same day, defendant

District Lodge 1 filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Def.'s Mot. The motion is fully briefed.[1]

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d

---

[1] Plaintiff opposed the motion on September 7, 2017, arguing that defendant violated the terms of the Plan and breached its fiduciary duties by deciding to "exclude [plaintiff] from eligibility and participation in the [P]lan." Pl.'s Opp. to Def.'s Mot. [Dkt. # 14] ("Pl.'s Opp.") at 5. On September 14, 2017, District Lodge 1 filed a reply. Def.'s Reply to Pl.'s Opp. [Dkt. # 15] ("Def.'s Reply").

3

1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

## ANALYSIS

**I.    Defendant's motion to dismiss Count II will be granted.**

Count II alleges that District Lodge 1 is liable for plaintiff's loss of benefits because it participated in the decision determining that he was ineligible to participate in the Plan. Under ERISA:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

"A fiduciary within the meaning of ERISA must be someone acting in the capacity of manager, administrator, or financial adviser to a 'plan.'" *Pegram v. Herdrich*, 530 U.S. 211, 222 (2000). "'[O]nly when fulfilling certain defined functions, including the exercise of discretionary authority or control over plan management or administration,' does a person become a fiduciary under [§ 1002(21)(A)]." *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996), quoting *Siskind v. Sperry Ret. Program, Unisys*, 47 F.3d 498, 505 (2d Cir. 1995). "Employers . . . can be ERISA

4

fiduciaries," *see Pegram*, 530 U.S. at 225, "[b]ut, obviously, not all of [an employer's] business activities involve[] plan management or administration." *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996) (finding that the employer defendant's acts could only be actionable if the acts were made in the employer's fiduciary capacity).

The complaint contains the conclusory allegation that "defendant District Lodge 1 owed a fiduciary duty to [p]lantiff" and that it breached its fiduciary duties through its "failure and refusal . . . to act in accordance with the documents and instruments governing the Plan." Compl. ¶¶ 18, 20. Plaintiff also claims, (although in Count I), that "[t]he actions of [d]efendants District Lodge 1 and the IAM National Pension Fund alleged herein in denying eligibility and benefits to [p]laintiff Anthony are contrary to the documents and instruments governing the Plan, in breach of their fiduciary obligations." *Id.* ¶ 15. But the Court need not accept a plaintiff's legal conclusions as true when considering a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Strumsky v. Wash. Post Co.*, 922 F. Supp. 2d 96, 104 (D.D.C. 2013) ("[C]onclusory allegations that a person was acting as a fiduciary are not sufficient."). The complaint identifies District Lodge 1 as a "Contributing Employer," *see* Compl. ¶¶ 3, 8, but it is devoid of any allegations that the union exercised any authority or control over the management or administration of the Plan or its assets.

In his opposition, plaintiff argues that he has "met the modest pleading requirement to allege that the involvement of Lodge 1 in the decision excluding him from participation in the Pension Fund and eligibility for benefits constitutes a breach of fiduciary duty under ERISA." Pl.'s Opp. at 3–4. But there are no allegations in the complaint describing District Lodge's involvement in plaintiff's eligibility determination. Plaintiff simply alleges that he sought

participant status from the Plan, and that he "exhausted all internal Plan remedies to . . . be eligible for the payments of pension benefits." Compl. ¶ 12.

In support of his opposition, plaintiff provides the Court with the denial letter he received from IAM National Pension Fund, which reveals that the Fund sought information from the union concerning which positions and/or job classifications are covered by the Participation Agreements. *See* Denial Letter ("[T]he Committee referred the matter to District Lodge 1 . . . to ask the District Lodge's consideration of what positions, or job classifications, District Lodge 1 intended to contribute on behalf of as a Contributing Employer to the Fund and to ask what positions, or job classifications, were non-collectively bargained employees of District Lodge 1 at times relevant to [plaintiff's] appeal."). But these facts would not suffice to state a claim that District Lodge 1 is a fiduciary under ERISA because the "[a]pplication of rules determining eligibility" under a plan is purely ministerial and thus, not a fiduciary act. *See* 29 C.F.R. § 2509.75-8 (D–2)[2]; *see also Harris v. Koenig*, 602 F. Supp. 2d 39, 65 (D.D.C. 2009) ("Mere influence over a fiduciary's decisions

---

2  The Department of Labor has identified ministerial acts that do not qualify as fiduciary activities with regard to plan administration and management, such as:

> (1) Application of rules determining eligibility for participation or benefits;
> (2) Calculation of services and compensation credits for benefits;
> (3) Preparation of employee communications material;
> (4) Maintenance of participants' service and employment records;
> (5) Preparation of reports required by government agencies;
> (6) Calculation of benefits;
> (7) Orientation of new participants and advising participants of their rights and options under the plan;
> (8) Collection of contributions and application of contributions as provided in the plan;
> (9) Preparation of reports concerning participants' benefits;
> (10) Processing of claims; and
> (11) Making recommendations to others for decisions with respect to plan administration.

29 C.F.R. § 2509.75-8 (D-2).

regarding a plan is not enough to constitute discretionary control, triggering ERISA liability."), quoting *Int'l Bhd. of Painters & Allied Trades Union & Indus. Pension Fund v. Duval*, 925 F. Supp. 815, 828 (D.D.C. 1996). Since plaintiff has failed to plausibly allege that District Lodge 1 was a fiduciary under ERISA, or that it exercised any fiduciary responsibility in plaintiff's eligibility determination, the Court will grant defendant's motion to dismiss Count II.

II. **Defendant's motion to dismiss Count I will be denied.**

Although defendant has moved to dismiss both counts on this basis, fiduciary status is not required to state a claim under Count I. Therefore, defendant's motion to dismiss Count I will be denied.

Plaintiff brought Count I under sections 1132(a)(1)(B) and 1132(a)(3) of ERISA. Compl. ¶ 16. Section 1132(a)(1)(B) authorizes a civil action to be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3) provides for a civil action by a participant or beneficiary "to enjoin any act or practice which violates . . . the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce . . . the terms of the plan." § 1132(a)(3).

The Supreme Court has described section 1132(a) as a "comprehensive civil enforcement scheme" that is "relatively straightforward." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208–10 (2004), quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

> If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits. A participant or beneficiary can also bring suit generically to "enforce his rights" under the plan, or to clarify any of his rights to future benefits.

7

*Id.* at 210. The Court went on to explain that "[t]he six carefully integrated civil enforcement provisions found in [this section] of the statute as finally enacted provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.* at 209, quoting *Pilot Life Ins. Co.*, 481 U.S. at 54 (emphasis in original).

Specifically addressing Section 1132(a)(3), the Supreme Court has held that this section "admits of no limit . . . on the universe of possible defendants," and instead is focused "on redressing the '*act or practice* which violates any provision'" of ERISA. *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000), quoting 29 U.S.C. § 1132(a)(3) (emphasis in original); *see id.* at 247 ("[D]efendant status under § [1132](a)(3) may arise from duties imposed by § [1132](a)(3) itself, and hence does not turn on whether the defendant is expressly subject to a duty under one of ERISA's substantive provisions."). The Court emphasized that "[o]ther provisions of ERISA, by contrast, do expressly address who may be a defendant," and that "[i]n light of Congress' precision in these respects," it is proper to "assume that Congress' failure to specify proper defendants . . . was intentional." *Id.* at 246–47.

Since neither provision of the statute expressly identifies a proper defendant, the Court will not read a term into the statute that is not present. So, plaintiff's failure to allege facts to show that defendant is a fiduciary does not preclude Count I from going forward against the union at this time.

## CONCLUSION

For all of these reasons, the Court will dismiss the claims in Count II against District Lodge 1, and the remainder of the case will go forward.

A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: November 6, 2017